[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 19, 2006
THOMAS K. KAHN
CLERK

No. 05-15615
Non-Argument Calendar

_____

D. C. Docket No. 05-00010-CR-FTM-29-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAFAEL HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 19, 2006)**

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Rafael Hernandez appeals his 60-month sentence for possession with intent

to distribute 100 or more marijuana plants, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vii), arguing that his sentence was unreasonable. After review, we affirm.

Sentences imposed under an advisory Guidelines system are reviewed for "unreasonableness." United States v. Booker, 543 U.S. 220, 261, 125 S. Ct. 738, 765 (2005). Following the Booker decision, we have stated that the district court must first correctly calculate the defendant's Guidelines range, and then, using the 18 U.S.C. § 3553(a) sentencing factors, the court can impose a more severe or more lenient sentence as long as it is reasonable. United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005).[1] "[N]othing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). A district court's statement that it had considered the § 3553(a) factors is sufficient in post-Booker sentences to indicate that it considered the factors. See id. at 1330. "Review for reasonableness is deferential." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he

---

[1]The § 3553(a) factors include the available sentences, the applicable Guideline range and policy statements, the nature and circumstances of the offense, and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, (2) afford adequate deterrence to criminal conduct, (3) protect the public from further crimes of the defendant, and (4) provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a); United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005).

2

party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." Id.

Though the district court is no longer strictly bound to the Guidelines, it is nonetheless bound by statutory mandatory minimum sentences. United States v. Shelton, 400 F.3d 1325, 1333 n.10 (11th Cir. 2005). Booker does not grant a court discretion to sentence below the mandatory minimum sentence. United States v. Brehm, 442 F.3d 1291, 1300 (11th Cir. 2006). Further, when the statutory mandatory minimum sentence is greater than the applicable Guidelines range, the mandatory minimum is the Guidelines sentence. U.S.S.G. § 5G1.1(b).

Upon review of the record and consideration of the parties' briefs, we find that Hernandez's sentence was reasonable. The district court considered the § 3553(a) factors and sentenced Hernandez to the lowest sentence possible, the applicable statutory mandatory minimum sentence. Further, 60 months was the lowest possible Guidelines sentence. In arriving at the sentence, the district court mentioned its consideration of the statutory factors. The court found that a sentence of more than 60 months' imprisonment was unnecessary. Accordingly, we affirm.

**AFFIRMED.**